# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID BURNS,**

        **Plaintiff,**

**v.**                                                 **Case No:   6:20-cv-1922-Orl-37LRH**

**2295 EAST IRLO HOLDINGS, LLC,**
**OSCEOLA COUNTY SHERIFF'S**
**OFFICE and STATE OF FLORIDA,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 2)**
>
> **FILED:**      **October 16, 2020**
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.    Background**

This case stems from an ongoing eviction action that a landlord, Defendant 2295 East Irlo Holdings LLC ("Landlord"), filed against one of its tenants, Plaintiff David Burns, in the County

Court in and for Osceola County, Florida on March 4, 2020.  *2295 East Irlo Holdings LLC v. Burns*, Case No. 2020-CC-734 EV (Osceola County Court, Mar. 4, 2020).[1]

On August 21, 2020, Mr. Burns and the Landlord filed a "stipulation of settlement," wherein Mr. Burns agreed to leave the property by September 8, 2020.  *2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court, Aug. 21, 2020).  However, on September 4, 2020, the Centers for Disease Control and Prevention issued an order temporarily halting residential evictions to prevent the spread of COVID-19 ("CDC Order").  *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020).  Thus, on September 8, 2020, the date Mr. Burns was due to vacate the property, he filed an emergency motion in the state court proceeding requesting that his eviction be stayed and the Court set aside the settlement based, in part, on the CDC Order.  *2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court, Sept. 8, 2020).  The presiding state court judge, Judge Gabrielle N. Sanders-Morency, entered an order granting the stay but required Mr. Burns to pay "rent in the amount of $125 into the court registry . . . every Friday starting September 11, 2020." *2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court, Sept. 9, 2020). The order also provided that the "failure to deposit rent during the pendency of this matter will result in a Default and Default Final Judgment without further notice."  (*Id.*).  Judge Sanders-Morency

---

[1] A court may take judicial notice of state court proceedings from online databases.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  The state court documents I cite to herein were obtained through the Osceola County Court's online records database and, therefore, they may be relied upon in resolving the pending motion.

later granted Mr. Burns' motion to reduce the amount to $50 per week and required him to file bi-weekly financial statements. (*See* Doc. 6 at 26).

On September 11, 2020, Mr. Burns, proceeding *pro se*, filed a complaint in this Court against Judge Sanders-Morency. *Burns v. Sanders-Morency*, Case No. 6:20-cv-1601-Orl-37LRH, Doc. 1 (M.D. Fla. Sept. 11, 2020). In that case, Mr. Burns moved for a temporary restraining order, arguing that he is at imminent risk of eviction because Judge Sanders-Morency violated the CDC Order by threatening eviction and requiring him to pay fees directly to the state court. *Id.*, Doc. 12 (M.D. Fla. Sept. 21, 2020). He therefore requested that the Court enjoin Judge Sanders-Morency's order staying his eviction. *Id*. The Court denied the motion because it lacked the authority to grant the relief sought based on the *Younger* abstention doctrine and the Federal Anti-Injunction Act, and because Mr. Burns had not shown a likelihood of success on the merits or irreparable injury. *Id.*, Doc. 15 (M.D. Fla. Sept. 25, 2020). Several days after that ruling, Mr. Burns voluntarily dismissed the case and the matter was closed. *Id.*, Docs. 16-17 (M.D. Fla. Sept. 29, 2020).

In the meantime, the state court docket reveals that the Plaintiff has been making payments in accordance with Judge Sanders-Morency's September 9, 2020 order and all other subsequent orders that have altered the amount and dates of payment. *See 2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court) (noting Mr. Burns' payments); (*see also* Doc. 1 at ¶ 13 ("Burns has been making the court payments but anticipates that he will default with the October payment [ ] that default will lead to a final judgement and writ of eviction.")). Accordingly, as of the date of this Report, the state court has not entered a final judgment for eviction based on a failure to make the ordered payments. *See 2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court).

Fearing that he may soon be unable to pay the court ordered payments, Mr. Burns, who is proceeding *pro se*, has now filed a complaint against the Landlord and the Osceola County Sheriff's Office[2] on October 19, 2020. (Doc. 4).[3] Relevant here, Mr. Burns alleges:

8. The Plaintiff DAVID BURNS is currently under a court order to pay monies into the Florida State Court Registry pursuant to a[n] October 9, 2020 County Court Order. Pursuant to Florida Statute any default in making said payment will result in a[n] automatic default and a judgement for eviction leading to a writ of possession.

9. Plaintiff BURNS asserts that he is on the verge of defaulting on the State Court ordered payment and is now in immediate danger of facing an eviction.

(*Id*. at ¶¶ 8-9). Based on these allegations and the CDC Order, Mr. Burns asserts two causes of action. First, Mr. Burns claims that any attempt to evict him while the CDC Order is in effect would violate 42 U.S.C. § 264 and 42 C.F.R. 70.2. (*Id*. at ¶¶ 10-13). Second, Mr. Burns claims that Florida Statute § 83.232(5)[4] violates his constitutional due process rights because if he fails to

---

[2] The Osceola County Sheriff's Office is not *sui juris*. *Keck v. Seminole County Sheriff's Office,* No. 6:10-cv-847-Orl-31GJK, 2010 WL 2822011, *1 (M.D. Fla. 2010) ("As a threshold matter, Plaintiff's claims against the 'Seminole County Sheriff's Office' are improper inasmuch as the Sheriff's Office is not *sui juris* and cannot be sued."). The proper party is the Osceola County Sheriff. *Ramsay v. Broward Cnty. Sheriff's Office*, 303 F. App'x 761, 763 n.1 (11th Cir. 2008) ("The proper defendant is Al Lamberti, in his official capacity as Sheriff of the Broward County Sheriff's Office."). However, for ease of discussion, I will refer to the Osceola County Sheriff's Office throughout this Report.

[3] Mr. Burns also named the State of Florida as a defendant because he is challenging the constitutionality of a Florida Statute. (*See* Doc. 4 at ¶ 4).

[4] The Complaint contains a scrivener's error with respect to the Florida Statute that Mr. Burns is challenging. Early in the Complaint, Mr. Burns states that he is challenging the constitutionality of Florida Statute § 83.232. (Doc. 4 at ¶ 4). Later in the Complaint, however, Mr. Burns claims that Florida Statute § 83.22 is unconstitutional. (*Id*. at ¶ 14). In doing so, Mr. Burns' quotes language purportedly contained in Florida Statute § 83.22. (*Id*.). A review of that statute reveals no such language. Instead, the language appears in Florida Statute § 83.232(5). Accordingly, I have interpreted Mr. Burns' second claim as challenging the constitutionality of Florida Statute § 83.232(5).

make the necessary payments he would not be able to rely on the CDC Order to avoid the automatic default provided for by the statute. (*Id*. at ¶¶ 14-18). Based on these claims, Mr. Burns requests that the Landlord and the Osceola County Sheriff's Office be enjoined "from obtaining and or enforcing any writ of possession where an[ ] individual has asserted protections under the CDC COVID 19 Eviction Ban" and that Florida Statute § 83.232(5) be declared unconstitutional. (*Id*. at 6).

Around the time the Complaint was filed, Mr. Burns filed an Application to Proceed in District Court without Prepaying Fees or Costs, which I construe as a motion to proceed *in forma pauperis*. (Doc. 2 ("IFP Motion")). The Motion has been referred to me for a report and recommendation and is now ripe for review.

## II.   Standard of Review

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[5] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R.

---

[5] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009).[6] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it is under no duty to re-write the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *Campbell v. Air Jamaica, Ltd.* 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.  Analysis

Mr. Burns qualifies as a pauper pursuant to § 1915(a)(1), but he has not shown that there is a case and controversy. Mr. Burns has therefore not established that the Court has jurisdiction over this action.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the Court must satisfy itself that it has jurisdiction over a matter before it proceeds to the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). The most fundamental limits on the federal judiciary are specified in Article III of the Constitution, which grants federal courts jurisdiction only over enumerated categories of "Cases" and "Controversies." U.S. Const. art. III, § 2. This case-or-controversy requirement comprises of three familiar pillars: (1) standing, (2) ripeness, and (3) mootness. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). Standing and ripeness are at issue here.

The standing doctrine is "rooted in the traditional understanding of a case or controversy" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "The

---

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches and confines the federal courts to a properly judicial role[.]" *Id.* (internal quotations marks and citations omitted). To establish standing, a plaintiff must show that: (i) he suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent," not "conjectural or hypothetical"; (ii) the injury complained of is "fairly traceable to the challenged action of the defendant"; and (iii) it is "likely," not "merely speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The ripeness doctrine involves consideration of both jurisdictional and prudential concerns. *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir. 1984), protecting "federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). "The doctrine seeks to avoid entangling courts in the hazards of premature adjudication." *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir.1988). The ripeness inquiry requires a determination of the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration. *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995) (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 149 (1967)).

While I am sympathetic to Mr. Burns' situation, he has not shown that he has standing to proceed with the claims asserted in the Complaint. Mr. Burns seeks to prevent the Landlord and the Osceola County Sheriff's Office from evicting him from his residence in the event he is unable to make any court ordered payments and a final judgment for eviction is entered as a result. (*See* Doc. 4). While Mr. Burns alleges that he is "on the verge" of defaulting, this allegation, which I accept as true, is not enough to meet the first prong of the standing doctrine, *i.e.*, an imminent injury of being evicted from his residence. First, the state court record reveals – at least through the date

of this Report – that Mr. Burns has made the requisite payments and, therefore, the state court has not issued a final judgment of eviction. *See* 2*295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court). Second, it is not clear how soon Mr. Burns will not be able to make the court order payments. It may be in a week, in a month, or he may never default on the payments. Third and perhaps most importantly, Mr. Burn's has moved the state court to alter the amount and timing of his payments on several occasions and the court has granted that relief. *See* 2*295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court, Oct. 2, 2020 and Nov. 5, 2020). This history makes the likelihood of default more speculative because Mr. Burns may again move for and be granted an alternation in his payment obligations that he can manage, thereby avoiding eviction. For these reasons, the injury Mr. Burns seeks to avoid is, at best, conjectural, as he may never default on his payments to the state court. (*See* Doc. 13 ("But the Court also notes Mr. Burns has failed to show the risk of harm is imminent, and his allegations raise serious question of whether he's shown there is an actual case or controversy."). I therefore find Mr. Burns has not shown an injury-in-fact and, as a result, he does not have standing to proceed with either of his claims.

I also find the claims presented in the Complaint are not sufficiently ripe for adjudication. As discussed above, Mr. Burns may never default on his payments to the state court and, therefore, may not be subject to the immediate eviction from which he seeks protection. Accordingly, any ruling from the Court would be premature. Further, withholding consideration will not impose an undue hardship on Mr. Burns because he is not currently subject to eviction nor should it affect his ability to seek relief from the state court, which he has received in the past. *See* 2*295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court, Oct. 2, 2020 and Nov. 5, 2020).

In light of the foregoing, I find Mr. Burns has not presented a case and controversy for the Court to resolve and, therefore, the Court lacks jurisdiction over the claims asserted in the Complaint. Accordingly, I recommend the Complaint be dismissed without prejudice.[7]

A *pro se* plaintiff must generally be given one chance to amend his complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotation marks omitted). A court, however, need not allow an amendment where amendment would be futile. *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id*.

There is nothing in the record to suggest that Mr. Burns' situation – that he continues to pay the court ordered payments – has changed. Indeed, the state court docket reveals that the matter is still pending and no final judgment for eviction has been entered, especially one based on Mr. Burns' failure to make the necessary payments. *See 2295 East Irlo Holdings LLC*, Case No. 2020-CC-734 EV (Osceola County Court). Accordingly, granting Mr. Burns leave to file an amended complaint when the factual basis for his claims has not changed would be futile.

**IV. Conclusion**

It is respectfully **RECOMMENDED** that:

1. The IFP Motion (Doc. 2) be **DENIED**.

---

[7] Since I find the Court does not have jurisdiction over this case, I have not considered the merits of Mr. Burns' claims. However, I note that the presiding District Judge has previously held that Mr. Burns has not stated a cognizable cause of action under either the CDC COVID 19 Eviction Ban or Florida Statute § 83.232. (Doc. 13).

2. The Complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 4, 2020.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy