UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID BURNS,

    Plaintiff,

v.                                                                                    Case No. 6:20-cv-1922-Orl-37LRH

2295 EAST IRLO HOLDINGS, LLC;
OSCEOLA COUNTY SHERIFF'S
OFFICE; and STATE OF FLORIDA,

    Defendants.

_____

## ORDER

Before the Court is Plaintiff David Burns' motion to proceed *in forma pauperis* (Doc.

2 ("**IFP Motion**")) and motion for writ of mandamus (Doc. 18 ("**Mandamus Motion**")).

On referral, U.S. Magistrate Judge Leslie R. Hoffman recommends denying the IFP

Motion without prejudice for lack of standing (Doc. 17 ("**R&R**")) and dismissing the case;

Mr. Burns objects to the R&R (Doc. 19 ("**Objection**")). On review, the Court overrules the

Objection, adopts the R&R, dismisses the case, and denies the Mandamus Motion as

moot.

## I.    BACKGROUND

Plaintiff is suing his landlord, Defendant 2295 East Irlo Holdings, LLC

("**Landlord**"), Defendant Osceola County Sherriff's Office ("**Sheriff**"), and Defendant

State of Florida ("**Florida**") over the eviction action pending against him in the County

Court in and for Osceola County, Florida. (Doc. 4; *see also* Osceola County Court, No.

2020-CC-734 EV, hereinafter "Eviction Action"). In the Eviction Action, Mr. Burns and the Landlord stipulated he would leave the property on September 8, 2020. (Eviction Action, Aug. 21, 2020.) But four days before Mr. Burns was to leave, the Centers for Disease Control and Prevention issued an order temporarily halting residential evictions to prevent the spread of COVID-19 ("**CDC Order**"). Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020). So Mr. Burns filed an emergency motion in the Eviction Action, asking the court to set aside the settlement stipulation. (Eviction Action, Sept. 8, 2020.) Judge Sanders-Morency granted a stay of eviction but required Burns to pay $50 a week into the court registry and file bi-weekly financial statements. (*Id.* at Sept. 9, 2020; Doc. 6, p. 26.) To date, Mr. Burns has complied with the court's orders and the stay has not been lifted. (*See* Eviction Action.)

This didn't satisfy Mr. Burns, however, so he sued in federal court and moved for a preliminary injunction ("**PI**") against Defendants, claiming an eviction would violate the CDC Order and that Florida Statue § 83.232 is unconstitutional because it precludes his right to a defense in the Eviction Action. (Doc. 4; Doc. 6.) The Court denied the PI because Mr. Burns didn't have a cognizable private cause of action and he failed to show injury was imminent. (Doc. 13 ("**PI Order**").) Mr. Burns has now moved for a writ of mandamus, based on similar arguments in the PI motion. (Doc. 18; *cf.* Doc. 6.)

Concurrent with the motions for injunctive relief, Judge Hoffman was considering Mr. Burns' IFP Motion. (*See* Docs. 2, 17.) She now finds Mr. Burns hasn't shown standing

to proceed with the claims asserted in his Compliant. (Doc. 17, p. 7.) "While Mr. Burns alleges he is 'on the verge' of defaulting, this allegation . . . is not enough to meet the first prong of the standing doctrine, *i.e.*, an imminent injury of being evicted from his residence." (*Id.*) In reaching this conclusion, Judge Hoffman points to Mr. Burns' history of making his payments, the lack of evidence showing when—if ever—Mr. Burns would default, and Judge Sanders-Morency's demonstrated willingness to work with Mr. Burns, reducing his payments, collecting financial affidavits, and staying the Eviction Action. (*See id.* at 7–8.) And Judge Hoffman concludes that further amendment would be futile at this time. (*Id.* at 9.) So she recommends denying the IFP Motion and dismissing the complaint without prejudice but without leave to amend. (*Id.* at 9–10.)

Mr. Burns now objects to the R&R. (Doc. 19.) No Defendant has yet appeared in the case.[1] The matters ripe, the Court denies the motions and adopts the R&R.

## II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by

---

[1] To date, Mr. Burns has not filed proofs of service for any Defendant.

the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must consider the record

and factual issues based on the record independent of the magistrate judge's report.

*Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### III.   ANALYSIS

First, the IFP Motion. Mr. Burns now says injury is imminent because he is

required to pay into the state court registry on December 25, 2020 and January 1, 2021—

dates the court will be closed and "any default in making the court ordered payments to

the Florida Court registry will lead to an automatic default and by operation of law a

default judgment leading to a writ of possession." (Doc. 19, ¶¶ 4–5.) But, as the Court

explained in the PI Order, Florida Statute § 83.232 (which calls for automatic judgment

upon default) applies only to *non-residential tenancies*—so, contrary to his assertions, Mr.

Burns does not face an "automatic default . . . leading to a writ of possession." (*See* Doc.

13, p. 6); *see also* Fla. Stat. § 83.001. Again, the Court doesn't deny Mr. Burns would face

hardship *if* evicted—the IFP Motion is denied because Mr. Burns has failed to show he

likely *will* be evicted in violation of the CDC Order. (*See* Doc. 17.) This objection is

overruled.

Mr. Burns also argues that allowing the case to remain active and open won't harm

the Defendants. (*See* Doc. 19, ¶¶ 10–11.) But Judge Hoffman did not base her R&R on a

balance of harms—nor should she have. (*See* Doc. 17.) Instead, looking at the Complaint

and the record evidence, she concluded Mr. Burns hadn't shown harm was imminent.

(*See id.*) As any harm Defendants might face from granting the IFP Motion is immaterial,

this objection is overruled. Having reviewed the R&R *de novo*, the Court finds no error and adopts it in its entirety. *See* 28 U.S.C. § 636(b)(1).

Next, the Mandamus Motion. Mr. Burns moves for the issuance of a writ under 28 U.S.C. § 1651(a) directing the U.S. Department of Justice and the Sheriff to enforce the CDC Ban with respect to himself. (*See* Doc. 18.) But, as discussed previously, Mr. Burns has no standing to assert these claims and the Court is closing the case—so the Mandamus Motion is moot.[2]

## IV.    CONCLUSION

It is **ORDERED AND ADJUDGED**:

1.    Plaintiff's Response to December 4, 2020 Magistrate Hoffman's Report [Objection] (Doc. 19) is **OVERRULED.**

2.    U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 17) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3.    Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**

4.    Plaintiff's Complaint (Doc. 4) is **DISMISSED WITHOUT PREJUDICE.**

5.    Plaintiff's Petition for Writ of Mandamus (Doc. 18) is **DENIED AS MOOT.**

6.    The Clerk is **DIRECTED** to terminate all pending motions and close the file.

---

[2] The Court also notes the United States is not a party in this case and federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *see also Garland v. Fla. Dep't of Law Enf't*, No. 8:09-cv-1208-T-17EAJ, 2009 WL 1918975, at *2 (M.D. Fla. July 2, 2009).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 14, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro Se* Party